IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK KERNER and | : | CIVIL ACTION |
| LINDA DIANE KERNER, h/w | : | |
| | : | |
| v. | : | 02-CV-4728 |
| | : | |
| SIGNODE CORPORATION | : | |

# ORDER

AND NOW this _____ day of _____, 2003, upon consideration of the Motion of Defendant Signode Corporation for a continuance of the trial from November 17, 2003 to a date after January 12, 2003 and plaintiff's response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED and the trial of this matter is rescheduled to _____, 2004.

 

                                                       Honorable John P. Fullam

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK KERNER and | : | CIVIL ACTION |
| LINDA DIANE KERNER, h/w | : | |
| | : | |
| v. | : | 02-CV-4728 |
| | : | |
| SIGNODE CORPORATION | : | |

### MOTION FOR CONTINUANCE OF NOVEMBER 17, 2003 TRIAL

Defendant Signode Corporation, by and through its counsel, White and Williams LLP, hereby moves this Honorable Court for an Order continuing the trial of this matter scheduled for November 17, 2003 to a date after January 12, 2003 due to a family emergency of defendant's medical expert witness, Dr. Randall Culp. Defendant will be severely prejudiced if it is forced to defend this personal injury case without a medical expert witness at trial. In support of this motion, defendant relies upon the attached Memorandum of Law which more fully sets forth the reasons why this continuance is necessary.

WHEREFORE, defendant Signode Corporation respectfully requests that this Honorable Court enter an Order continuing the trial of this matter from November 17, 2003 to a date after January 12, 2003.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____
James J. Donohue, Esquire/15654
Michelle D. Coburn, Esquire/62987
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-7037/6355
*Attorney for Defendant,*
*Signode Corporation*

Dated: October 30, 2003

DOCS_PH 1498376v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FREDERICK KERNER and | : | CIVIL ACTION |
| LINDA DIANE KERNER, h/w | : | |
| | : | |
| v. | : | 02-CV-4728 |
| | : | |
| SIGNODE CORPORATION | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CONTINUANCE OF NOVEMBER 17, 2003 TRIAL**

**I.   FACTS**

Plaintiff Fred Kerner seeks damages for personal injuries allegedly sustained on July 19, 2000 when a tool manufactured by defendant Signode Corporation allegedly broke while plaintiff was using it in connection with his employment at U.S. Steel Corporation.  At the time of the alleged accident, plaintiff was employed as a warehouseman earning approximately $43,000-$44,000 per year.  However, since the accident, plaintiff has missed a considerable amount of time from work and he is currently not working and receiving worker's compensation benefits.

Plaintiff claims he suffered a complete tear of the right rotator cuff with impingement syndrome, brachioplexopathy of the right shoulder (brachioplexus impingement with resultant neck pain) and post-traumatic acromioclavicular arthritis.  Since the accident, plaintiff has undergone two operations on his right shoulder.  On February 8, 2001, plaintiff had a right shoulder arthroscopy, subacromial decompression, partial acromioplasty and rotator cuff debridement.   He did not return to work after his February 2001 surgery for approximately eight months and when he did return to work it was on light duty status.  Plaintiff underwent his

- 1 -

second operation on his shoulder on July 10, 2003 for a right shoulder labrale tear and right rotator cuff tear. Plaintiff has not returned to work since his second operation. His medical expert witness, Dr. Jaeger, concludes in his October 13, 2003 report that plaintiff has a permanent disability as a result of the accident that will preclude him from all occupational activities except those of the most sedentary and non-repetitive nature performed below mid chest level.

Defendant retained Dr. Randall Culp as its medical expert witness in this case. Dr. Culp performed an independent medical examination of plaintiff on April 15, 2003. In his report, he concludes that the mechanism of the plaintiff's injury would not produce any specific injury to the cervical spine and that degenerative changes present in the plaintiff's cervical spine are the cause of the plaintiff's neck complaints. With regard to his right shoulder, Dr. Culp concluded that the plaintiff had reached maximum medical improvement and could return to work in the medium category of work with no lifting more than 50 pounds and no overhead use of the right side.

Dr. Culp conducted a follow-up medical examination on October 13, 2003 following the plaintiff's second operation. In his supplemental report, Dr. Culp concludes that the plaintiff can return to work with no lifting more than 20 pounds and no overhead use of the right side. As stated above, the plaintiff has not returned to work since his second operation.

In preparation for trial on November 17, 2003, defendant scheduled Dr. Culp's videotape deposition for November 12, 2003 at 5:00 p.m. and paid Dr. Culp's $4,000 fee for the deposition.

On October 28, 2003, Dr. Culp's secretary informed defense counsel that Dr. Culp had taken an emergency leave of absence from his practice due to a private family emergency and

would not be returning until the second week of January 2004. She further stated that Dr. Culp has left the area and is not available to give a videotape deposition. For purposes of this motion, defense counsel has requested more details regarding the reason for Dr. Culp's leave of absence, but due to the highly private nature of the matter, Dr. Culp does not want to provide any further details. A letter from Dr. Culp's secretary confirming his unavailability is attached heretoas Exhibit "A." Plaintiff objects to this continuance request.

## II.    ARGUMENT

Defendant will be severely prejudiced if it is forced to defend this case without the testimony of Dr. Culp. The injuries in this case and plaintiff's ability to return to work are strongly contested issues. Without the testimony of Dr. Culp, defendant will be left with no viable means to rebut the testimony of plaintiff's medical expert. This would place the defendant at a severe disadvantage and would effectively deprive it of an integral part of its defense in this case.

Defendant has not been lax in preparing its defense in this case. Defendant retained Dr. Culp in early 2003. Defendant had an independent medical examination conducted by Dr. Culp at his first availability in April 2003. Defendant immediately scheduled a supplemental examination with Dr. Culp upon learning that plaintiff had undergone a second operation. Defendant scheduled and paid for Dr. Culp's videotape deposition in preparation for trial. Simply put, defendant has done everything necessary to prepare a meaningful defense in this case in compliance with the deadlines set by this Court. It would be patently unfair to force defendant to attend trial without the benefit of its medical expert witness where the witness is unavailable to due a family emergency and where defendant has no control over the situation.

Plaintiff will not be seriously prejudiced by a two month delay of the trial of this matter. On the other hand, defendant will suffer clear and demonstrative prejudice if the continuance is not granted.

WHEREFORE, defendant Signode Corporation respectfully requests that this Honorable Court enter an Order continuing the trial of this matter from November 17, 2003 to a date after January 12, 2003.

                                    Respectfully submitted,

                                    **WHITE AND WILLIAMS LLP**

By: _____
      James J. Donohue, Esquire
      Michelle D. Coburn, Esquire
      Attorney I.D. No. 15654/62987
      1800 One Liberty Place
      Philadelphia, PA 19103-7395
      (215) 864-7037/6355
      *Attorney for Defendant,*
      *Signode Corporation*

Dated: October 30, 2003

- 4 -

## CERTIFICATE OF SERVICE

I, Michelle D. Coburn, Esquire, hereby certify that I have served the attached Motion for Continuance and Memorandum of Law in Support Thereof on this date to be served via facsimile and United States First Class Mail upon the parties listed below:

> Rosemary Pinto, Esquire
> Feldman & Pinto, P.C.
> 1604 Locust Street, 2R
> Philadelphia, PA   19103

**WHITE AND WILLIAMS LLP**

By: _____
Michelle D. Coburn, Esquire
Attorney I.D. No. 62987
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-7037/6355
*Attorney for Defendant,*
*Signode Corporation*

Dated:  October 30, 2003