UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FREDERICK KERNER and LINDA DIANE KERNER, h/w 315 N. Lafayette Avenue, Morrisville, PA 19067 : Plaintiffs, v. SIGNODE CORPORATION 3610 West Lake Avenue Glenview, Illinois 60025 : Defendants. | CIVIL ACTION NO.02-CV-4728 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR CONTINUANCE OF NOVEMBER 27, 2003 TRIAL DATING**

**I.      FACTS**

Plaintiffs Frederick Kerner and Linda Kerner hereby oppose defendant's Motion for Continuance of the November 17, 2003 trial date.

It would be a hardship to the plaintiffs if the trial date of November 17, 2003 is continued for the following reasons.

First, contrary to defendant's statement that plaintiffs will suffer no prejudice by postponement of the trial date, the plaintiffs are seriously prejudiced by delaying trial. First, the plaintiff, Frederick Kerner, is seriously injured and disabled as a result of a defective product manufactured by the defendant. As a result of his injuries, Mr. Kerner is unable to perform his prior job. He has been out of work since his last surgery in July, 2003. He has a family that he supports financially and therefore all delays of trial are detrimental to a person in Mr. Kerner's situation.

Second, plaintiffs' counsel has already scheduled four (4) trial experts for live testimony at the time of trial. These experts have all rearranged their schedules and reserved time for trial. The expert orthopaedic surgeon that plaintiff will be calling at the time of trial has already been paid a non-refundable fee to guarantee his appearance at trial. Plaintiffs' counsel does not yet know whether the other three experts will still require payment.

Third, plaintiffs' counsel is already scheduled for trial in another matter before this Honorable Court on January 20, 2004, so that if defendant's request for a continuance is granted, it is likely that the trial date would have to be continued beyond the end of January which would constitute a further hardship to the plaintiff.

Fourth, Dr. Culp has provided no information about the nature of the reason for his unavailability. The letter from Dr. Culp's secretary says nothing about an emergency and simply states that Dr. Culp is "out of the area on leave of absence to tend to a family matter." There is no indication whether the "family matter" is a serious medical emergency or a vacation. Moreover, Dr. Culp's office has indicated that he would be unavailable from October 28, 2003 until January 14, 2004 and it is difficult to imagine any emergency illness that has such a definitive known end date. It is respectfully submitted that it would be unfair for all of plaintiffs' experts, counsel, as well as defendant's other experts to have to rearrange their schedule without any adequate explanation provided by Dr. Culp to this Court regarding why Dr. Culp is unavailable for deposition for ten (10) weeks. It is respectfully submitted that Dr. Culp's deposition could be taken by telephone or by video conference at a time which is convenient to him and the trial could take place as planned. Indeed, according to defense counsel's motion, defendant was intending to present Dr. Culp's testimony by deposition anyway, so the defendant would not be prejudiced by putting Dr. Culp's testimony before the jury through a deposition.

Lastly, it should be noted that there is a settlement conference scheduled for November 7, 2003 before Magistrate Carol Sandra Moore Wells and therefore it is possible that defendant's motion could become moot if this matter resolves at that time.

In light of all of the foregoing, plaintiff respectfully requests that this Honorable Court deny defendant's Motion for Continuance.

## II.    ARGUMENT

Plaintiffs respectfully submit that the defendant would not be prejudiced in defending this case if Dr. Culp's deposition testimony were taken.

**WHEREFORE,** plaintiffs respectfully request that this Honorable Court deny defendant's motion requesting a continuance of the trial date of November 17, 2003.

                Respectfully Submitted,

                FELDMAN & PINTO

By: _____
     Rosemary Pinto, Esquire
     Attorney for Plaintiffs
     1604 Locust Street, 2R
     Philadelphia, PA 19103
     (215) 546-2604

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| FREDERICK KERNER and | : | |
| LINDA DIANE KERNER, h/w | : | |
| 315 N. Lafayette Avenue, | : | |
| Morrisville, PA 19067 | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | NO.02-CV-4728 |
| | : | |
| SIGNODE CORPORATION | : | |
| 3610 West Lake Avenue | : | |
| Glenview, Illinois 60025 | : | |
| Defendants. | : | |
| | : | |

**ORDER**

AND NOW this _____ day of _____, 2003, upon consideration of Plaintiffs' Response in Opposition to Defendant's Motion for Continuance of the November 17, 2003 trial to a date after January 12, 2004, it is hereby ORDERED and DECREED that said Motion is DENIED and the trial date will remain November 17, 2003.

                                                                                              _____
                                                                                              Honorable John P. Fullam

G:\Docs\PA\Kerner, Frederick\Pleadings\031105P-RespMtn4Cont.dls.wpd

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FREDERICK KERNER and <br> LINDA DIANE KERNER, h/w <br> 315 N. Lafayette Avenue, <br> Morrisville, PA 19067 <br> Plaintiffs, <br> v. <br><br> SIGNODE CORPORATION <br> 3610 West Lake Avenue <br> Glenview, Illinois 60025 <br> Defendants. | : <br> : <br> : <br> : CIVIL ACTION <br> : <br> : NO.02-CV-4728 <br> : <br> : <br> : <br> : <br> : <br> : |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
FOR CONTINUANCE OF NOVEMBER 17, 2003 TRIAL**

Plaintiffs Frederick and Linda Kerner by and through their counsel Feldman & Pinto, hereby request that this Honorable Court deny defendant's motion for an order continuing the trial of this matter from November 17, 2003 to a date after January 12, 2004 for the reasons set forth in the attached Statement of Facts. In short, the defense expert, Dr. Culp has provided no explanation for why his deposition could not be taken to preserve his testimony for trial. Plaintiffs' position in support of this response is more fully set forth in the attached Memorandum of Law.

**WHEREFORE**, plaintiffs request that this Honorable Court deny defendant's motion.

Respectfully Submitted,

FELDMAN & PINTO

By: _____

Rosemary Pinto, Esquire
Attorney for plaintiffs
1604 Locust Street, 2R
Philadelphia, PA 19103
(215) 546-2604

## CERTIFICATION OF SERVICE

I hereby certify that I caused the below-described documents to be mailed via United States Mail to the person listed below on the date below.

DATE: November 5, 2003

DOCUMENT: Plaintiffs' Response in Opposition to Defendant's Motion for Continuance of November 17, 2003 Trial

PERSON: James J. Donohue, Esquire
Michelle D. Coburn, Esquire
White & Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395

FELDMAN & PINTO

BY:_____
Rosemary Pinto, Esquire
1604 Locust Street, 2R
Philadelphia, PA 19103
(215) 546-2604