IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK KERNER and | : | CIVIL ACTION |
| LINDA DIANE KERNER, h/w | : | |
| | : | |
| v. | : | 02-CV-4728 |
| | : | |
| SIGNODE CORPORATION | : | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE OF NOVEMBER 17, 2003 TRIAL

Defendant files this reply to respond to certain statements contained in plaintiff's opposition to defendant's Motion for Continuance of the November 17, 2003 trial.

Plaintiff's primary reason for opposing the continuance is that he has been out of work since his July 2003 operation and that, because he supports his family financially, a delay of the trial will cause him serious prejudice. Plaintiff is currently receiving temporary total disability from his employer in the amount of $572.56 per week. If plaintiff was still working, plaintiff would be earning $656.40 per week plus any available overtime. This represents a difference of $83.84 a week in plaintiff's income. Plaintiff's wife is also employed and supports the family financially as well. Moreover, as of September 2003, plaintiff was fully vested in his pension plan and is qualified to receive 100% of his pension. There is nothing stopping plaintiff was electing to retire and begin receiving his pension now. Therefore, it is respectfully submitted that a two month continuance would not cause plaintiff serious financial prejudice as claimed.

Second, plaintiff states that he has paid a non-refundable fee to Dr. Jaeger to appear at trial. Plaintiff does not state that the fee will be forfeited if the trial is rescheduled. Defendant believes and it is usually the case that a doctor's fee will only be forfeited if his trial testimony is cancelled, not rescheduled. The statement that "plaintiffs' counsel does not yet know whether

DOCS_PH 1501900v1

the other three experts will still require payment" for the November trial is disingenuous. This case was already continued once due to plaintiff's July 2003 operation and, therefore, plaintiffs' counsel would know whether the other experts required payment when the trial was rescheduled the first time. Defendant has never worked with an expert that required payment every time a trial was rescheduled.

Finally, defendant's counsel continues to impress upon Dr. Culp's office the need for a stated reason for his emergency leave of absence. However, it is clear from our conversations with his office that this is a very serious matter and he is not on vacation. Dr. Culp has cancelled 13 videotape depositions that were scheduled from now until January 14, 2004 and he is not available for a telephone or video conference deposition in any of the 13 cases. Therefore, if the case is not continued, defendant will be forced to try this case without its medical expert's testimony. Two months is not an unreasonable amount of time to permit Dr. Culp to handle a private family emergency.

WHEREFORE, defendant Signode Corporation respectfully requests that this Honorable Court enter an Order continuing the trial of this matter from November 17, 2003 to a date after January 12, 2003.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____
James J. Donohue, Esquire
Michelle D. Coburn, Esquire
Attorney I.D. No. 15654/62987
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-7037/6355
*Attorney for Defendant,*
*Signode Corporation*

Dated: November 6, 2003

## CERTIFICATE OF SERVICE

     I, Michelle D. Coburn, Esquire, hereby certify that I have served the attached Reply to Plaintiff's Opposition to Defendant's Motion for Continuance on this date via facsimile and United States First Class Mail upon the parties listed below:

Rosemary Pinto, Esquire
Feldman & Pinto, P.C.
1604 Locust Street, 2R
Philadelphia, PA   19103

                                        **WHITE AND WILLIAMS LLP**

By: _____
Michelle D. Coburn, Esquire
Attorney I.D. No. 62987
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-7037/6355
*Attorney for Defendant,*
*Signode Corporation*

Dated:  November 6, 2003